UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOSEPH PHILLIPS,

           Plaintiff,       NO.  CV-06-5070-EFS

  vs.                   **ORDER DISMISSING COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

KATRINA SUCKOW,

           Defendant.

BEFORE THE COURT is Plaintiff's Response to the Order to Show Cause why his complaint should not be dismissed for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) (Ct. Rec. 9). Plaintiff, a prisoner currently housed at the Monroe Corrections Center, is proceeding *pro se* and *in forma pauperis*; Defendant has not been served. After review of his response, the Court finds dismissal of this action appropriate.

Plaintiff signed his complaint the same day he complains Defendant Suckow failed to respond to his suicide threats and made allegedly unprofessional comments. Plaintiff contends, because an emergency grievance is processed the same day it is made, he has exhausted his administrative remedies. Plaintiff's contention is misplaced. If a prisoner wishes to grieve the conduct of a prison official, he must

ORDER DISMISSING COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES -- 1

avail himself of the grievance procedure regarding staff misconduct. Plaintiff could not have completed this process prior to filing this action. Accordingly, because it is clear from the face of the complaint and Plaintiff's submissions that the exhaustion requirement was not fulfilled, **IT IS ORDERED** the complaint is **DISMISSED without prejudice.** *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (*per curiam*).

　　**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Plaintiff, and close the file.

　　**DATED** this  5ᵗʰ    day of February 2007.


　　　　　　　　　S/ Edward F. Shea
　　　　　　　　　　EDWARD F. SHEA
　　　　　　　　UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\6cv5070efs-2-5.wpd

ORDER DISMISSING COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES -- 2